■    In the Matter of JOSEPH KLINKER, an Incompetent. JAMES A. CARNEY, as Committee, Appellant; ATTORNEY-GENERAL OF THE STATE OF NEW YORK, Respondent.— Order, Supreme Court, Bronx County, entered on May 6, 1971, confirming the Referee's report in its entirety and discharging the committee of the person, unanimously modified on the law and the facts so as to discharge the committee of the property and reduce the fee of the Referee to $1,500 and, as so modified, the order is otherwise affirmed, without costs and without dis-

bursements. In our opinion the incompetent has sustained the burden of proof in establishing that he has been restored to mental soundness. In the case of *Matter of Henry* (3 N Y 2d 258) a proceeding for the restoration of competency, the Court of Appeals said: "All the evidence upon the trial leads to the conclusion that petitioner has regained her mental health. Three psychiatrists * * * testified to that effect. There was no contrary testimony — medical or lay. Although the Trial Judge was not required to adopt the opinions of the experts, he could not reject the facts on which the experts — particularly the court-appointed psychiatrist, a disinterested witness — based their opinions, since those facts were not improbable or in conflict with other evidence and, in our judgment established that petitioner had become mentally competent". In the case at bar, all of the medical testimony finds the petitioner competent to handle his affairs. This is further corroborated by friends and family who testified in support of the application. There appears to be nothing in the record to justify a denial of the application. Nor does there appear to be justification in the record to support the fee awarded the Referee at Special Term, and that fee should be reduced to the extent indicated. Settle order on notice. Concur — Stevens, P. J., Capozzoli, McGivern, Kupferman and Murphy, JJ.